UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X   **Index No.: 1:21-cv-01891**
NAOKO KAWASAKI,

Plaintiff,

   -against-                                    **COMPLAINT**

PEPPER FOOD SERVICE CO. LTD and KUNIO    **PLAINTIFF DEMANDS**
ICHINOSE, *Individually*,                               **A TRIAL BY JURY**

Defendants.

--------------------------------------------------------------------X

Plaintiff, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains, upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17, *et seq.* ("Title VII"), the <u>New York State Human Rights Law</u>, <u>New York State Executive Law</u> § 296, *et seq,* and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et seq.* and seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her **<u>sex/gender</u>** (sexually harassed) by Defendant KUNIO ICHINOSE, the founder/owner of Defendant PEPPER FOOD SERVICE CO. LTD.

2. Defendant KUNIO ICHINOSE ("ICHINOSE") is also the owner and founder of Kuni's Corporation, which is not named as a defendant in this action because, upon information and belief, Kuni's Corporation has filed a Chapter 7 bankruptcy petition.

3. Defendant ICHINOSE used his power and influence over Plaintiff. Furthermore, she was **<u>retaliated against</u>** for complaining of widespread discrimination and sexual harassment in the workplace that resulted in her employment termination.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) as this is a judicial district in the State in which the unlawful employment practices were committed.

5.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred therein.

## PROCEDURAL PREREQUISITES

7.      Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

8.      Plaintiff received a Notice of Right to Sue from the EEOC, dated February 9, 2021, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

9.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

10.     Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code.

## PARTIES

11.     Plaintiff NAOKO KAWASAKI ("Plaintiff") is and was a resident of the State of New York, County of New York.

12.     Upon information and belief, Defendant PEPPER FOOD SERVICE CO. ("PEPPER

FOOD") is a Japanese company that operates various restaurants, including but not limited to "Pepper Lunch" and "Ikinari Steak."

13.    Upon information and belief, Defendant PEPPER FOOD and Kuni's together employ fifteen or more employees.

14.    Defendant PEPPER FOOD and its wholly owned subsidiary, Kuni's, constitute a single employer for purposes of this action.

15.    Upon information and belief, Defendant PEPPER FOOD and Kuni's have interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.

16.    Upon information and belief: Defendant PEPPER FOOD was involved in Kuni's daily decisions relating to production, distribution, marketing, and advertising; Defendant PEPPER FOOD and Kuni's shared employees, services, records, and equipment; Defendant PEPPER FOOD and Kuni's commingled bank accounts, accounts receivable, inventories, and credit lines; and Defendant PEPPER FOOD was involved in the maintenance of Kuni's books and the filing of Kuni's tax returns.

17.    Upon information and belief, Defendant PEPPER FOOD controls Kuni's human resources department; establishes Kuni's policies - and controls Kuni's decisions - regarding hiring, discipline, and termination of employees; approves all of Kuni's major employment decisions and reviews its employment applications; and shifts employees between Defendant PEPPER FOOD and Kuni's.

18.    Kuni's shares common management with Defendant PEPPER FOOD. Defendant ICHINOSE, the owner/founder of both companies, manages both companies.

19.    As a wholly owned subsidiary of Defendant PEPPER FOOD, Kuni's shares common ownership with Defendant PEPPER FOOD.

20. At all times relevant, Defendants operated a restaurant located at 37 West 46th Street, New York, New York, 10036 (the "Restaurant") where the discriminatory conduct alleged herein took place.

21. At all times relevant, Plaintiff was an employee of Defendant PEPPER FOOD, together with Kuni's, as a single employer.

22. In the alternative, Kuni's and Defendant PEPPER FOOD are Plaintiff's joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

24. At all times relevant, Defendant ICHINOSE ("ICHINOSE") was and is the "Owner/Founder" of Defendant PEPPER FOOD.

25. At all times relevant, Defendant ICHINOSE held and/or exercised supervisory authority over Plaintiff and had the power to hire, fire, directly affect the terms and conditions of Plaintiff's employment, and/or influence the decisionmaker of same.

26. Defendant PEPPER FOOD and ICHINOSE are hereinafter sometimes referred to as "Defendants."

## MATERIAL FACTS

27. On or about April 2018, Plaintiff began working for Defendants as a server at the Restaurant, earning an hourly rate of approximately $16.00.

28. Throughout Plaintiff's employment with Defendants, Plaintiff was an exemplary employee and was well qualified.

29. Plaintiff worked her way up through several positions with Defendants, each time being promoted to the next level, until she became "Store Manager" at the Restaurant.

30. Plaintiff's most recent base salary was $68,900.00.

31. Defendant ICHINOSE subjected Plaintiff to a sexually hostile work environment.

32.    Although Defendant ICHINOSE was based in Japan, Defendant ICHINOSE would often visit the Restaurant in New York.

33.    The sexual harassment began in or about May 2018, shortly after Plaintiff became employed with Defendants.

34.    While Defendant ICHINOSE was visiting New York, Defendant ICHINOSE approached Plaintiff and, while greeting Plaintiff, purposefully touched Plaintiff's breast as he moved her nameplate situated in the area of her chest.

35.    Plaintiff felt violated and extremely uncomfortable as a result of Defendant ICHINOSE's invasion of her personal space and unwanted touching.

36.    In or around November 2018, Defendant ICHINOSE called Plaintiff from across the restaurant and forced her to taste test a snack that he had brought from Japan. Plaintiff felt singled out and embarrassed as her colleagues stood and watched Plaintiff taste the food and, at Defendant ICHINOSE'S insistence, provide feedback. Plaintiff was visibly uncomfortable, and Defendant ICHINOSE appeared to be amused by her discomfort, extending the interaction for approximately fifteen minutes.

37.    In or around March 2019, Defendant ICHINOSE directed Plaintiff to give him a massage. Plaintiff submitted and gave Defendant ICHINOSE a massage because she believed her employment would be threatened if she did not do what Defendant ICHINOSE told her to do.

38.    Defendant ICHINOSE inappropriately made comments and stated, in sum and substance, that he would like to take Plaintiff to his hotel since her massage felt so good, and that he would like to visit Plaintiff in New York more often.

39.    Moreover, Defendant ICHINOSE commented that despite his age of "being over 70 years old," he was "still good."

40.   Plaintiff took Defendant ICHINOSE's comments to imply Defendant ICHINOSE wanted
      to have a sexual relationship with Plaintiff. Plaintiff never gave any indication she was
      amenable to Defendant ICHINOSE's suggestions and/or invitation to be involved in
      anything physical or romantic with Defendant ICHINOSE.

41.   On several occasions, Defendant ICHINOSE asked Plaintiff a series of intrusive,
      intimate, and personal questions regarding Plaintiff's sexual life.

42.   By way of example, Defendant ICHINOSE questioned how often she would have sex in
      a week.

43.   Plaintiff felt extremely uncomfortable from the offensive line of questioning. Plaintiff
      repeatedly attempted to change the subject.

44.   In or around July 2019, while Defendant ICHINOSE was having dinner, he asked
      Plaintiff to wipe the stains off his shirt. His hands were free but he directed Plaintiff to
      clean and wipe the stains off his shirt on his chest area as a way to assert his authority and
      dominance over Plaintiff as the owner/founder of Defendant PEPPER FOOD.

45.   Defendant ICHINOSE's sexually harassing conduct and behavior made Plaintiff fear for
      her safety, as any reasonable person would.

46.   In or around August 2019, during a separate sexual harassment investigation against
      Defendant ICHINOSE, Plaintiff was approached by Defendants' human resources
      manager, Maria Yabunaka (hereafter Ms. Yabunaka), to inquire if Plaintiff had any
      knowledge of the sexual harassment incidents regarding between the employee in
      question and Defendant ICHINOSE. Plaintiff reported her own experience of sexual
      harassment from Defendant ICHINOSE. Ms. Yabunaka took no action in response to
      Plaintiff's complaints of sexual harassment.

47.   On or about March 19, 2020, Corporate Defendants temporarily laid off their employees

and closed the Restaurant.

48.   On or about April 2, 2020, Plaintiff, via email, reported to Defendants' human resources department the sexual harassment to which Defendant ICHINOSE subjected Plaintiff. In Plaintiff's email, she detailed several incidents of sexual harassment.

49.   Soon after, Defendants hired an outside counsel from Littler Mendelson, P.C., Kelly C. Spina (hereafter "Ms. Spina"), as an independent neutral investigator to investigate Plaintiff's sexual harassment claims. Ms. Spina informed Plaintiff that she was made aware of her complaints and an investigation was initiated. Plaintiff was interviewed four to five times by Ms. Spina.

50.   On or about June 30, 2020, Ms. Spina informed Plaintiff that the investigation had revealed that Defendant ICHINOSE's behavior and conduct were inappropriate but not unlawful.

51.   On or about July 2, 2020, Defendants sent Plaintiff a letter terminating Plaintiff's employment.

52.   Defendants' stated reason for Plaintiff's termination was unforeseen business circumstances resulting in the layoff of employees in several restaurants located in the Manhattan, New York area.

53.   Defendants' reasons were pretextual.

54.   Plaintiff's employment termination was due to her complaints of sexual harassment from Defendant ICHINOSE.

55.   Defendants sought to fabricate a pretextual reason to terminate Plaintiff, the true reason being Plaintiff engaged in protected activities.

56.   The above are just some of the acts of sexual harassment, discrimination, and retaliation that Plaintiff experienced while employed by Defendants.

57.   Upon information and belief, Plaintiff was not the first employee of Defendants to be sexually harassed by Defendant PEPPPER FOOD's founder, Defendant ICHINOSE.

58.   Plaintiff feels offended, disturbed, humiliated, degraded, victimized, embarrassed, and emotionally distressed by the unlawful discrimination.

59.   Defendants created an unlawfully hostile and intimidating work environment, which unreasonably interfered with Plaintiff's employment.

60.   The comments and conduct by Defendant ICHINOSE were unsolicited, unwelcome and offensive.

61.   Defendants' actions and conduct were intentional and intended to harm Plaintiff.

62.   As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, the loss of benefits, and other damages.

63.   As a result of the acts and conduct complained of, Plaintiff has suffered emotional pain, physical pain and injury, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

64.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
*For Discrimination Under Title VII*
**(Not Against the Individual Defendant)**

65.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, for relief based upon the unlawful employment practices of Defendant PEPPER FOOD. Plaintiff complains of Defendant

PEPPER FOOD's violation of Title VII's prohibition against discrimination and creating a hostile work environment in employment based, in whole or in part, upon an employee's sex.

67.   Defendant PEPPER FOOD engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq*, by creating and maintaining a hostile work environment and otherwise discriminating against Plaintiff because of her gender.

## AS A SECOND CAUSE OF ACTION
### *For Retaliation Under Title VII*
**(Not Against the Individual Defendants)**

68.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

70.   Defendant PEPPER FOOD violated the sections cited herein as set forth by retaliating against Plaintiff because Plaintiff objected to and complained of sexual harassment and discrimination.

## AS A THIRD CAUSE OF ACTION
### *For Discrimination Under the New York State Executive Law*
**(Against All Defendants)**

71.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72.   Executive Law § 296(1) provides that,

1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

73.   Defendants engaged in an unlawful discriminatory practice by creating and maintaining a hostile work environment and otherwise discriminating against Plaintiff because of her gender.

### AS A FOURTH CAUSE OF ACTION
*For Retaliation Under the New York State Executive Law*
**(Against All Defendants)**

74.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75.   New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

76.   Defendants violated the sections cited herein as set forth by retaliating against Plaintiff because Plaintiff objected to and complained of sexual harassment and discrimination.

### AS A FIFTH CAUSE OF ACTION
*For Discrimination Under the New York State Executive Law*
**(Not Against Corporate Defendant)**

77.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78.   New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

79.   Defendant ICHINOSE violated this statute as set forth.

80.   Plaintiff is entitled to the maximum amount allowed under this statute.

### AS A SIXTH CAUSE OF ACTION
*For Discrimination Under the New York City Administrative Code*
**(Against All Defendants)**

81.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82.   The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. (emphasis added).

83.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining a hostile work environment and otherwise discriminating against Plaintiff because of her gender.

84.   Plaintiff is entitled to the maximum amount allowed under this statute.

### AS A SEVENTH CAUSE OF ACTION
*For Retaliation Under the New York City Administrative Code*
**(Against All Defendants)**

85.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86.   The NYCHRL § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

87.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by retaliating against Plaintiff because Plaintiff

objected to and complained of sexual harassment and discrimination.

## AS AN EIGHTH CAUSE OF ACTION
### *Under the New York City Administrative Code*
**(Not Against Corporate Defendant)**

88.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

89.   The New York City Administrative Code § 8-107(6) provides that it shall be unlawful

discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing

of any of the acts forbidden under this chapter, or attempt to do so."

90.   Defendant ICHINOSE violated this statute as set forth.

## AS A NINTH CAUSE OF ACTION
### *For Discrimination Under the New York City Administrative Code*
**(Not Against the Individual Defendant)**

91.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

92.   The Administrative Code of City of New York § 8-107(13) provides for employer

liability for discriminatory conduct by an employee, agent or independent contractor.

This subsection states:

   a.   An employer shall be liable for an unlawful discriminatory practice based
        upon the conduct of an employee or agent which is in violation of any
        provision of this section other than subdivisions one and two of this
        section.

   b.   An employer shall be liable for an unlawful discriminatory practice based
        upon the conduct of an employee or agent which is in violation of
        subdivision one or two of this section only where: (1) the employee or
        agent exercised managerial or supervisory responsibility; or (2) the
        employer knew of the employee's or agent's discriminatory conduct, and
        acquiesced in such conduct or failed to take immediate and appropriate
        corrective action; an employer shall be deemed to have knowledge of an
        employee's or agent's discriminatory conduct where that conduct was
        known by another employee or agent who exercised managerial or
        supervisory responsibility; or (3) the employer should have known of the

employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.   An employer shall be liable for an unlawful discriminatory practice committed   by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

94.   Defendant PEPPER FOOD violated the section cited herein as set forth.

## JURY DEMAND

95.   Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Right Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law in that Defendants created and maintained a hostile work environment and otherwise discriminated against Plaintiff on the basis of her sex/gender, ultimately resulting in her employment termination;

B.   Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.   Awarding Plaintiff punitive damages;

E.   Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
   March 4, 2021

          **PHILLIPS & ASSOCIATES,**
          **ATTORNEYS AT LAW, PLLC**

      By:      /s/     
          Marjorie Mesidor, Esq.
          *Attorneys for Plaintiff*
          585 Stewart Avenue, Suite 410
          Garden City, New York 11530
          T: (212) 248-7431
          F: (212) 901-2107
          mmesidor@tpglaws.com